UNITED STATES (CLARK v.). See Cases Nos. 2.837 and 2.838.

## Case No. 14,809.

### UNITED STATES v. CLARKE.

[4 Cin. Law Bul. 49.]

Circuit Court, S. D. Ohio. 1879.

CONSTITUTIONAL LAW — ELECTIONS — INDICTMENT AGAINST JUDGE OF ELECTION FOR NEGLECTING TO PERFORM DUTIES.

The United States election laws constitutional.

On motion to quash the indictment against Gus. Clarke.

BAXTER, Circuit Judge. The defendant was a judge of the election held recently in Cincinnati, at which members of congress were voted for, appointed by the state authorities. and stands indicted. under section 5515 of the Revised Statutes. for unlawfully neglecting to perform certain duties enjoined on him as such judge by the laws of Ohio. He appears. and moves to quash the indictment, not because it is not within the purview of the act of congress under which it is framed. but upon the ground that section 5515, declaring such neglect of duty an offense against the United States and punishable by indictment in the federal courts, is unconstitutional and. void. And in support of this position, learned counsel have referred us to the case of Commonwealth of Kentucky v. Dennison, 24 How. [65 U. S.] 66. We have been familiar with this case for a long time. and at the request of defendant's counsel have re-examined it with considerable care. The facts are that the governor of Kentucky had, in pursuance of the act of congress in that behalf enacted, made a demand on Gov. Dennison, then governor of Ohio, for the apprehension and surrender of an alleged fugitive from the former state, but Gov. Dennison refused to comply with that requisition. Thereupon an application was made by the commonwealth of Kentucky to the supreme court of the United States for a mandamus to compel Gov. Dennison to perform the duty imposed upon him by the law. The court refused the mandamus, and said: "The act does not provide the means to compel the execution of this duty nor inflict any punishment for neglect or refusal on the part of the executive of the state; nor is there any clause or provision in the constitution which arms the government of the United States with such power. Indeed, such a power would place every state under the control and dominion of the general government, even the administration of its internal concerns and reserved rights. And we think it clear that the federal government, under the constitution. has no power to impose upon a state officer, as such. any duty whatever and compel him to. perform it; for, if it possessed this power, it might overload the officer with duties that would fill up all his time, and disable him from performing his obligations, and might impose on him duties of a character incompatible with the dignity to which he was elevated by the state."

We recognize in this decision an authority binding on us. And if that case and this are alike, defendant's motion must prevail. The duty of providing by law for the arrest and return of fugitives is imposed by the constitution exclusively on congress. And in exercising the power thus conferred congress saw fit to impose the duty of causing fugitives to be arrested and surrendered to the demanding state, on the chief executive of a state in which the fugitive might be found. The duty thus enjoined on the governors of the states was generally exercised by them in all proper cases. But in the case of Commonwealth of Kentucky v. Dennison

[supra], the latter declined to act. and the supreme court. as we have already seen, when applied to for a mandamus to compel him, held that the federal government could not require him to perform such a duty. The language of the court was. of course. employed with reference to the facts of the case then before it.

But the duty of providing for the election of members of congress is a matter in which both the federal and state governments have an interest. "The times, places and manner of holding the elections for senators and representatives shall be prescribed in each state by the legislature thereof; but the congress may at any time, by law make or alter such regulations. except as to the places of choosing senators." So it will be seen that the obligation to provide for the election of members of congress is one that attaches to both the general and state governments. And under the legislation upon the subject the states hold the elections through officers of their own selection. But this duty is not left entirely to state supervision. It is performed under and in pursuance of the laws of both powers. The federal government does not assume to overload a state officer with duties inconsistent with his dignity, or with "his obligations to the state." Nor does it undertake to compel such officer to perform such duties which, under the constitution, are imposed exclusively on the federal government, as was true in the case of Commonwealth of Kentucky v. Dennison, but commands a faithful compliance on the part of such officer, in any matter pertaining to the holding of such elections and certifying returns, etc., that he is required by the state laws to do and perform. And any willful refusal or neglect to do any one or more of the things thus required, is declared to be a crime against the United States, and made punishable by indictment in the federal courts.

We think the law is within the constitutional powers of congress, and a very proper and delicate exercise of the national authority. The law being, as we think, valid, this court has jurisdiction of the offense charged in the indictment. and plaintiff's motion to quash will be disallowed.